IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                        Case No. 1:22-cr-00896-MLG-3

ERMINIO GUILLERMO GONZALEZ,

    Defendant.

**ORDER ON DEFENDANT'S MOTION TO PREVENT
THE GOVERNMENT FROM MENTIONING ALLEGED GANG AFFILIATION**

This matter is before the Court on Defendant Erminio Gonzalez's Motion to Prevent the Government from Mentioning or Seeking Testimony about Defendant's Alleged Gang Affiliation ("Motion"). Doc. 209. As the title of his motion suggests, Gonzalez asserts that his purported membership in the Duranes and Burquenos street gangs is irrelevant to the case against him and that any evidence of his gang affiliation should be excluded. *Id.* at 1. In opposition, the Government argues this evidence is part and parcel with his interactions with law enforcement during the execution of the May 13, 2022, search warrant and is therefore material. Doc. 224 at 1-2; Doc. 258 at 51:13-24. The United States further claims that Gonzalez's understanding that gang members participate in criminal behavior—specifically concerning illegal drugs and firearms—is directly relevant to his knowledge and the foreseeability that his alleged co-conspirators would use firearms while trafficking fentanyl from Arizona to New Mexico. *See* Doc. 258 at 51:2-12, 57:21-58:10, 59:23-61:8. Having considered the parties' arguments, and for the reasons explained below, the Court (conditionally) grants Gonzalez's motion.

## DISCUSSION

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. However, even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Accordingly, the Court must determine whether Gonzalez's gang affiliation is relevant, and if so, whether that evidence is more probative than prejudicial as to the alleged conspiracy involving fentanyl and firearms, possession of fentanyl, and being a felon in possession of a firearm. *See United States v. Tsosie*, 288 F. App'x 496, 499 (10th Cir. 2008); *see generally* Doc. 231.

To be sure, other courts have ruled that evidence of gang affiliation or membership is relevant to felon in possession charges because gang members are known to carry weapons and, sometimes, traffic in firearms. *See, e.g.*, *United States v. Aranda-Diaz*, 31 F. Supp. 3d 1285, 1296 (D.N.M. 2014) (noting that the "connection between gangs and drug trafficking has been widely publicized," and the defendant's statements about his membership were relevant because many gang members are involved in drug trafficking); *United States v. Martinez*, 542 F. Supp. 3d 1170, 1217 (D.N.M. 2021) (holding evidence of the defendant's gang affiliation was "relevant to his felon-in-possession charge, because many gang members are known to carry weapons, and the [Sindicato de Nuevo Mexico] gang is known to traffic in firearms"). And gang affiliations may also be relevant to prove the existence and characteristics of a conspiracy. For example, in *United States v. Robinson*, the Tenth Circuit held that "associational evidence may be directly relevant to the issues of formation, agreement and purpose of a conspiracy," because "[c]ircumstantial evidence is often the strongest evidence of conspiracy. Gang membership helped to establish an

agreement among the subjects, the purpose of the conspiracy and knowledge on the part of the[] defendants." 978 F.2d 1554, 1562-63 (10th Cir. 1992) (internal citation omitted); *see also United States v. Brown*, 200 F.3d 700, 708 (10th Cir. 1999) (recognizing that evidence of gang affiliation is relevant to show identity, the basis of the relationship between a defendant and witnesses for a joint venture, and the existence of conspiracy); *United States v. Hill*, No. 12-CR-50, 2012 WL 12540234, at *2 (N.D. Okla. Nov. 20, 2012*)* ("As a general rule, evidence of gang affiliation is relevant to issues of identity, joint venture and existence of a conspiracy.").

However, unlike these cases, there are no allegations in this matter that Gonzalez was conspiring with members of the same gang to traffic narcotics from Arizona to New Mexico. *See United States v. Elkins*, 70 F.3d 81, 84 (10th Cir. 1995) (holding that evidence of gang membership was not admissible in a firearms prosecution to impeach a defense witness' testimony for bias where there was no evidence that the defendant and witness were members of same gang or that the witness was biased because of fear of the defendant's gang). The Government has not identified co-conspirators that it asserts are members of the same gang(s) to which Gonzalez belonged, nor does the third superseding indictment indicate the conspiracy was associated with gang-specific activity. *See* Doc. 140 at 3, 9 (identifying former co-defendant Shamon Pacheco as a member of the "West Side Locos"); Doc. 144 at 11 (identifying Gonzalez as a member of the "Duranes" and "Burquenos" gangs); Doc. 149 at 28 (identifying co-defendant Ray Lee Brown as a suspected member of the "Los Padillas" street gang); Doc. 177 at 3, 7 (identifying former co-defendant Orlando Diaz as a member of the Arizona Prison Gang and the "G-Town" gang).

Without any indication that Gonzalez and his alleged co-conspirators shared membership in the same gang or jointly trafficked drugs as part of a gang-related enterprise, evidence of Gonzalez's purported gang affiliation is unfairly prejudicial. Such evidence invites the jury to infer

3

that because Gonzalez was or is a gang member, his character is suspect and, therefore, he committed the crimes charged. *See Old Chief v. United States*, 519 U.S. 172, 180 (1997) ("The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."); *Aranda-Diaz*, 31 F. Supp. 3d at 1298 (concluding evidence of the defendant's gang membership presented "a substantial danger of unfair prejudice . . . as it has the potential to elicit an unfavorable reaction from the jury and cause the jury to condemn him for his gang membership, rather than decide the case on the evidence that the United States presents"). Because of this possibility (or perhaps likelihood), the unfair prejudice of the evidence related to Gonzalez's gang affiliation outweighs its claimed probative value.[1] *See* Fed. R. Evid. 403.

## CONCLUSION

Therefore, based upon the record before the Court, Gonzalez's Motion is granted. Doc. 209. Any evidence that references Gonzalez's purported gang membership is to be redacted accordingly.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[1] This holding comes with a caveat. If the Government presents evidence that the alleged drug conspiracy was conducted by Gonzalez and the alleged co-conspirators as a gang-related endeavor, then the presentation of some evidence of gang membership may be permissible.