IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                    Case No. 1:22-cr-00896-MLG-3

ERMINIO GUILLERMO GONZALEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER AS TO PROPOSED EXPERT TESTIMONY

    This matter comes before the Court on two related matters: Defendant Erminio Gonzalez's Motion to Exclude Expert Testimony ("Motion"), Doc. 221, and the United States' Motion in Limine for a Pretrial Order Permitting the Prosecution to Present Witness Testimony in Installments ("Motion in Limine"). Doc. 202. Both motions address Bryan Acee's testimony, who is currently employed as a Special Agent with the United States' Federal Bureau of Investigation ("FBI"). *See* Doc. 221-1. As explained in the relevant filings, the Government intends to put Acee on the stand as a fact witness, Doc. 202 at 2, and in addition, as described in its Notice of Intent to Offer Expert Testimony ("Notice"), the United States will also offer Acee as an expert to provide opinions regarding various law enforcement matters. *See generally* Doc. 199;[1] Doc. 233. The

---

[1] The United States noticed six forensic chemists from the DEA South Central Laboratory (Bradley Fleming, Gennesis Claro, Jay Hopenwasser, Paul Galat, Phanneth Som, and Marsha Roberson). *See* Docs. 199, 233. Gonzalez does not object to the United States' offering the forensic chemists as experts. Doc. 257 at 10:22-11:6.

    The Government also identifies FBI Special Agent Nancy Stemo as an expert "in an abundance of caution," as she is not expected to offer any expert testimony at trial. Doc. 199 at 4. She is the individual who unlocked and extracted data contained within a cellphone recovered during the FBI's search of Gonzalez's 1521 Amado Street Northwest residence ("Amado Residence") and then provided that data to the FBI for review. *Id.* at 3. The United States explained her testimony would pertain to the use of forensic tools to unlock, review, and extract information

Government proposes to proffer Acee's testimony separately—first as a fact witness and later as an expert. Doc. 202 at 2. Gonzalez objects to the bifurcation of Acee's testimony due to concerns Acee will combine his expert opinions with the evidence in this case and become a "law enforcement expert" of Gonzalez's alleged crimes. Doc. 221 at 7-8; Doc. 228. Having considered the briefs, and after oral argument and a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Court denies Gonzalez's objections as to untimeliness as moot and reserves ruling on the exact parameters of Acee's proposed testimony at trial. Doc. 221. Additionally, the Court grants the United States' Motion in Limine. Doc. 202.

## DISCUSSION

### I. Gonzalez's timeliness objections are denied as moot following the Court's *sua sponte* trial continuance.

The United States has a duty to timely disclose information pertaining to the expert witnesses the Government intends to use at trial. Fed. R. Crim. P. 16(a)(1)(G). If the Government fails to comply, a district court has broad discretion under Federal Rule of Criminal Procedure 16(d)(2) to impose sanctions for that failure. *United States v. Wicker*, 848 F.2d 1059, 1060 (10th Cir. 1988). The Court may "(A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (Ci) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2). However, in considering the appropriate remedy, a district "court should impose the least severe sanction that will accomplish prompt and full compliance with the discovery order." *United States v. Brown*, 592 F.3d 1088, 1090 (10th Cir. 2009) (quoting *United States v. Ivy*, 83 F.3d 1266, 1280 (10th Cir. 1996)). To that

---

from that cellphone. *Id.* The United States maintains it will not offer her as an expert witness at trial; Gonzalez does not object. Doc. 259 at 22:4-9.

end, a continuance is usually the preferred course of action for the Government's belated production of discovery materials. *Wicker*, 848 F.2d at 1062.

Here, Gonzalez argues the Government's Notice is untimely and incomplete[2] and moves for sanctions.[3] Doc. 221 at 4. The Court finds that filing the Notice twenty-nine days before the May 28 trial date was reasonable, and the parties have agreed that the Court's *sua sponte* trial continuance, to July 15, 2024, provided a satisfactory remedy under Rule 16(d)(2). Doc. 259 at 155:6-15, 165:2-8. Accordingly, for these reasons, and those stated on the record, the Court denies as moot Gonzalez's request to exclude the proposed expert witnesses due to untimeliness. Doc. 221 at 4; *see* Doc. 259 at 165:22-166:1 (explaining the Court was disinclined to exclude the expert witness testimony based on untimeliness).

## II.   Acee may provide expert testimony, but the Court could limit its scope, depending on the evidence offered at trial.

In general, law enforcement officers may provide opinion testimony based on their professional experience and investigation of the use of firearms in the narcotics trade and the operation and organization of drug trafficking groups. *See United States v. Kamahele*, 748 F.3d 984, 998-99 (10th Cir. 2014); *United States v. Garcia*, 635 F.3d 472, 477 (10th Cir. 2011). "In drug prosecutions, opinion testimony from law enforcement officers may be based on the case

---

[2] In a notice, the United States "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G). While the Notice here is not as specific as it could be under Rule 16(a)(1)(G), the Court does not believe it is so deficient or incomplete as to require a sanction. The United States sets out the general subject matter of Acee's proposed testimony and eventually provided his expert report. *See* Doc. 230-2. It also sets out the basis for his testimony. Doc. 199 at 2-3. The Court concludes that the *Daubert* hearing on May 30, 2024, and the *sua sponte* trial continuance cured these deficiencies. *See* Fed. R. Crim. Pro. 16(d)(2) (providing sanctions for discovery violations).

[3] The Court independently notes that the United States' second notice of expert testimony is untimely, as it was filed hours before the May 15, 2024, pretrial conference. *See* Doc. 233.

investigation or on the officer's training and experience." *United States v. Draine*, 26 F.4th 1178, 1186 (10th Cir. 2022); *see also United States v. Cushing*, 10 F.4th 1055, 1080 (10th Cir. 2021) ("[O]pinion testimony premised on the officer's professional experience as a whole is expert testimony[.]" (cleaned up)). While the exact contours of permissible officer opinion testimony are inchoate, the Tenth Circuit has countenanced specific categories of opinion testimony germane to the instant matter. For example, the Tenth Circuit has recognized that officers may offer opinion about drug trafficking organizations and their structure and operation. *See, e.g.*, *United States v. Walker*, 179 F. App'x 503, 507 (10th Cir. 2006) (finding a special agent's expert testimony admissible when he opined about the defendant's "drug trafficking organization, how it was organized and what steps [the defendant] took to insulate himself from the everyday dealers"). An expert may also testify about the "tools of the trade" of drug trafficking and the packaging and sale of narcotics. *See, e.g.*, *United States v. McDonald*, 933 F.2d 1519, 1522-23 (10th Cir. 1991) (upholding admission of police detective's testimony about pricing, packaging, use of firearms, and other features of street cocaine sales); *United States v. Martinez*, 938 F.2d 1078, 1083 (10th Cir. 1991) (upholding the admission of testimony regarding the possession of guns and scales as "tools of the trade"); *cf. United States v. Sturmoski*, 971 F.2d 452, 459 (10th Cir. 1992) (upholding admission of agent's testimony about the value of methamphetamine labs and the use of firearms to protect the investment therein).

Further, in cases involving possession of an illicit substance with intent to distribute, the Tenth Circuit has held that expert "testimony with regard to the significance of a quantity of drugs possessed is specialized knowledge that assists the jury in understanding a fact at issue." *United States v. Mundy*, 97 Fed. App'x. 844, 846 (10th Cir. 2004); *see also Draine* 26 F.4th at 1191 ("An expert on illegal drug activities may testify that the amount and packaging of drugs found . . . are

4

consistent with the distribution of drugs for street use rather than with holding the drugs for personal use." (quotation omitted)).

Finally, as to coded language, the Tenth Circuit has repeatedly held "that in narcotics cases, expert testimony can assist the jury in understanding transactions and terminology." *United States v. Quintana*, 70 F.3d 1167, 1171 (10th Cir. 1995) (citing cases); *see, e.g.*, *United States v. Duran*, 941 F.3d 435, 452 (10th Cir. 2019) ("In light of [his] experience, the district court acted within its discretion in allowing [the agent] to testify about the use of coded language."); *United States v. Smith*, 800 F. App'x 658, 661-2 (10th Cir. 2020) (holding the government's expert witness was sufficiently experienced to be qualified to testify about the meaning of text messages between defendant and another person).

However, the scope of an officer's opinion testimony should be cabined such that an officer does not act as a mere mouthpiece for the government. *See, e.g.*, *United States v. Medina-Copete*, 757 F.3d 1092, 1105 (10th Cir. 2014) (holding the district court abused its discretion in allowing an officer to testify that a prayer card recovered from the defendants suggested their involvement in the drug trade). Indeed, there is danger in allowing officer testimony that "neatly matches the government's theory of the case," particularly if that testimony is a summary of the information witnesses or confidential informants have shared with the case agent that is then retold to the jury from an expert's point of view. *United States v. Diaz*, No. 24-CR-0032, 2024 U.S. Dist. LEXIS 31792, at *29-30 (D.N.M. Feb. 23, 2024); *see United States v. Amuso*, 21 F.3d 1251, 1263 (2d Cir. 1994) ("A district court may commit manifest error by admitting expert testimony where the evidence impermissibly mirrors the testimony offered by fact witnesses[.]").

Here, in light of Tenth Circuit precedent, there can be little dispute Acee has the necessary training, experience, and diverse exposure related to criminal enterprises required to testify about

5

the Government's twelve proposed expert testimony topics.[4] *See generally* Doc. 259; Doc. 199 at 2-3. Indeed, he has been qualified and testified as an expert in numerous trials. *See* Doc. 221-1 at 3-4 (listing cases); *see, e.g.*, *United States v. Rodriguez*, 125 F. Supp. 3d 1216, 1248-49 (D.N.M. 2015); *Diaz*, 2024 U.S. Dist. LEXIS 31792, at *30.

Gonzalez does not challenge Acee's qualifications. Rather, he raises concerns that Acee's expert testimony will extend to his personal involvement with and investigation of this case. *See* Doc. 221 at 8; Doc. 259 at 119:10-25. If so, then jurors might give that expert-officer testimony "more credence than it deserves." *Diaz*, 2024 U.S. Dist. LEXIS 31792, at *30 (quotation omitted).

Gonzalez's concerns are well-founded and recognized by decisional authority from this district. Our courts have acknowledged that when an officer's expert testimony "narrows in scope from broad generalities about certain criminal practices . . . there is the danger that the expert is cloaking percipient testimony in the garb of expert opinion." *Rodriguez*, 125 F. Supp. 3d at 1248-49; *see also United States v. Mejia*, 545 F.3d 179, 190 (2d Cir. 2008) ("As the officer's purported expertise narrows from 'organized crime' to 'this particular gang,' from the meaning of 'capo' to the criminality of the defendant, the officer's testimony becomes more central to the case, more

---

[4] The Court notes two topic-specific objections Gonzalez raised to Acee's testimony. First, Gonzalez took issue with Acee's possible testimony about the relationship amongst firearms, violence, and drug trafficking. Doc. 130:11-132:1; *see* Doc. 199 at 2 ¶ 3. Beyond mentioning Gonzalez's and the alleged co-conspirators' gang affiliations at the *Daubert* hearing, Acee did not specifically testify about violence associated with Gonzalez or the alleged conspiracy, so the relevance and helpfulness of such testimony is tenuous. Doc. 259 at 65:1-66:14, 66:6-8; *see United States v. Richter*, 796 F.3d 1173, 1195, 1196 (10th Cir. 2015) (requiring an expert's testimony be helpful to jurors); Fed. R. Evid. 401(b).
  Second, Gonzalez objected to testimony about ammunition that was recovered at the 1521 Amado Residence but was not included in Acee's FD-302, Doc. 230-2. *See* Doc. 259 at 100:17-101:3, 107:16-108:24 (Acee testifying that that ammunition is indeed ammunition, but there is no expert report documenting that conclusion). The Court reserves ruling on both of these specific objections, depending on the evidence presented at trial and whether the United States seeks to introduce evidence about either.

corroborative of the fact witnesses, and thus more like a summary of the facts than an aide in understanding them."). And the Tenth Circuit has recognized the strictures of Federal Rule of Evidence 704(b) preclude an expert (law enforcement officer or otherwise) from offering "a conclusion as to the defendant's actual mental state," or an element of the charged offenses. *United States v. Goodman*, 633 F.3d 963, 970 (10th Cir. 2011) (quotations omitted).

With these principles as a guide, the Court sets out a few "dos and don'ts" for Acee's anticipated trial testimony. First, Acee will be prohibited from offering opinion testimony regarding Gonzalez's mental state or motives. *See* Fed. R. Evid. 704(b); *United States v. Diaz*, 144 S.Ct. 1727, 1731-35 (2024) (allowing expert testimony under Rule 704(b) that "*most* people" in a group have a particular mental state but disavowing an expert opinion about whether the defendant herself had the requisite mens rea). Second, Acee's opinion must be predicated on information learned or obtained outside of the facts in Gonzalez's case and not offer a final opinion on the elements of the crimes charged. *See Rodriguez*, 125 F. Supp. 3d at 1252-53 (reasoning that when expert testimony is based on "'expertise' rooted in the facts of the case being tried, [the expert] is effectively arguing the case as a mouthpiece for counsel," and "effectively serves to bolster counsel's arguments about how the jury should interpret the case's facts"). Third, Acee may only offer opinions on matters material to this case; general testimony about irrelevant criminal activity will not be allowed.[5] Fed. R. Evid. 401(b).

---

[5] This point should be self-evident, but another topic of proposed expert testimony—techniques of drug traffickers used to collect debts or enforce rules—does not seem relevant to the case. *See* Doc. 259 at 52:22-54:2 (discussing the relevance of drug debts during the *Daubert* hearing). The Court also reserves ruling on the admissibility of this possible testimony.

Of course, the trial has yet to unfold, and so the Court cannot precisely draw the line separating that testimony which may be properly admitted from improper opinion. Accordingly, the Court will reserve ruling on specific questions or testimony until issues surface at trial.

### III.    The United States may present Acee's testimony in installments.

The United States moves for permission to present Acee's testimony in installments, first as a fact witness and then as an expert witness. Doc. 202 at 2-3. Gonzalez opposes this request, asserting Acee's expert testimony should be excluded in total, thereby mooting the Government's request. Doc. 228.

Federal Rule of Evidence 611(a) provides the Court discretion over the order of proof at trial, including the order in which witnesses are presented. As recognized by the Tenth Circuit, "it is possible for the same witness to provide both lay and expert testimony in a single case," including as law enforcement officers, as permitted by the district court. *United States v. Caballero*, 277 F.3d 1235, 1247 (10th Cir. 2002) (citing *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997)); *Draine*, 26 F.4th at 1186 (stating officers may "provide both law and expert testimony in a single case") (quoting Fed. R. Evid. 701 advisory committee notes to 2000 amendments)). If a witness takes on a dual-testifying role at trial, the district court "should demarcate for the jury what portions of the testimony are expert opinion and what portions are fact testimony." *Rodriguez*, 125 F. Supp. 3d at 1250. This means the Government should proffer Acee's testimony into two phases—one about his observations as an investigative officer and the second regarding his expert opinions. *See, e.g.*, *United States v. Anchrum*, 590 F.3d 795, 803, 804 (9th Cir. 2009) (concluding the district court "clearly separated" the officer's testimony in two based on temporal separation (via a sidebar) and the prosecutor's clear indication that she was beginning the expert phase of the testimony). As the Court understands the Government's motion, that will

8

be the case here. The United States will call Acee "early in the trial to present fact testimony supporting the general narrative of the investigation." Doc. 202 at 2. Then, the United States will offer him as an expert to provide "opinions on the evidence as a whole." *Id.*

However, the Court acknowledges that "[w]hen a case agent testifies as both a fact and an expert witness . . . district courts must mitigate the risk that the expert testimony bolsters the credibility of the case agent as a fact witness or complicates a juror's ability to navigate the tangled thicket of expert and factual testimony from the single witness." *United States v. Ansah*, No. 22-623-cr, 2023 U.S. App. LEXIS 29630, at *3 (2d Cir. Nov. 7, 2023) (cleaned up). To address this concern and to ensure that the jury clearly distinguishes Acee's fact testimony from his expert opinion, the Court will instruct the jury on the matter. *See, e.g.*, *United States v. McGirr*, 660 F. App'x 685, 690 (10th Cir. 2016) ("The district court also mitigated any risk the jury would give undue weight to the expert evidence by giving an instruction on appropriate consideration of" the testimony of the dual-testifying agent.). The Court will work with counsel on the language to be included in the instruction.

## CONCLUSION

It is hereby ordered that Gonzalez's request to exclude the proposed experts due to untimeliness in his Motion is denied as moot. Doc. 221 at 4. The Court reserves ruling on the definitive contours of Acee's testimony and Gonzalez's related objections, as that testimony will be shaped by the course of the trial and other witnesses' testimonies.

It is further ordered that the United States' Motion in Limine to Present Testimony in Installments is granted. Doc. 202.

It is further ordered that the United States' Unopposed Motion for Zoom Appearance of Witness is denied as moot. Doc. 236.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA