IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                        Case No. 1:22-cr-00896-MLG-3

ERMINIO GUILLERMO GONZALEZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION
TO DISMISS TWO COUNTS OF THIRD SUPERSEDING INDICTMENT**

Defendant Erminio Gonzalez was arrested on May 13, 2022, following the execution of a search warrant at 1521 Amado Street Northwest in Albuquerque, New Mexico. Doc. 1 at 2-3; *see* Doc. 2. During the search, the FBI found *inter alia* a firearm, ammunition, and blue tablets presumed to be fentanyl. Doc. 156 at 4; Doc. 168 at 3. Gonzalez was first indicted on June 15, 2022. Doc. 29. He was charged with conspiracy to distribute fentanyl, being a felon in possession of a firearm, and possession of fentanyl. *Id.* at 1, 4. Thereafter, on May 14, 2024, the Grand Jury returned the pending third superseding indictment charging Gonzalez with four counts: (1) conspiracy to traffic a controlled substance (namely, fentanyl); (2) possession of a firearm in furtherance of the drug trafficking; (3) felon in possession of a firearm, and (4) possession of fentanyl. Doc. 232 at 1-3. Gonzalez subsequently filed a motion to dismiss Counts 1 and 2 of the operative indictment.[1] *See generally* Doc. 241. His arguments in support of that request are

---

[1] The superseding indictment included Gonzalez alongside alleged co-conspirators and former co-defendants Orlando Diaz and Shamon Pacheco, Jr. Doc. 29. That indictment was returned on June 15, 2022. Gonzalez was subsequently named in the second superseding indictment alongside a newly added alleged co-conspirator (and co-defendant), Ray Lee Brown, on November 23, 2022. Doc. 63 at 2.

1

twofold. First, Gonzalez asserts that Count 2, which seeks criminal liability pursuant to *Pinkerton v. United States*, 328 U.S. 640 (1946), presents due process concerns requiring dismissal. Doc. 241 at 5-10. Second, he posits that both Counts 1 and 2 lack the required specificity under Federal Rule of Criminal Procedure 7(c). *Id.* at 10-13. Gonzalez further claims that even if the Court denies his request for dismissal, Count 2 should be severed from the other charges.[2] *Id.* at 13-14. The Court addresses (and rejects) each of these arguments in turn below.

## DISCUSSION

**A.   Gonzalez's request to dismiss Count 2 of the indictment on due process grounds is denied.**

"Under the *Pinkerton* theory of liability, a conspirator 'can be held responsible for the substantive crimes committed by his co-conspirators to the extent those offenses were reasonably foreseeable consequences of acts furthering the unlawful agreement, even if he did not himself participate in the substantive crimes.'" *United States v. Masotto*, 73 F.3d 1233, 1239 (2d Cir. 1996) (quoting *United States v. Romero*, 897 F.2d 47, 51 (2d Cir. 1990)). Binding Tenth Circuit precedent extends Pinkerton liability to criminal charges predicated on 18 U.S.C. § 924(c)(1)(A)—i.e., possession of a firearm in furtherance of a drug trafficking crime. *See, e.g.*, *United States v. Wacker*, 72 F.3d 1453, 1463-64 (10th Cir. 1995) (finding evidence sufficient to uphold Section 924(c) conviction under a theory of *Pinkerton* liability); *United States v. Davis*, 1 F.3d 1014, 1017 (10th Cir. 1993) (same); *see also United States v. Thompson*, No. 19-CR-01610, 2021 U.S. Dist. LEXIS 114955, at *6, 14-17 (D.N.M. June 21, 2021) (holding the Government is not precluded from pursuing violations of Section 924(c) via *Pinkerton*). Accordingly, the Government may prove criminal liability by demonstrating that a coconspirator completed a substantive Section 924(c)

---

[2] The Government contends that both counts of the indictment are legally sufficient. Doc. 256 at 2-4. It does not provide any response to Gonzalez's request for severance. *Id.*

2

offense during the joint commission of the conspiracy. *See Thompson*, 2021 U.S. Dist. LEXIS 114955, at *16 (quoting *United States v. Bowen*, 527 F.3d 1065, 1077 (10th Cir. 2008)).

Notwithstanding this legal authority, Gonzalez challenges the legality of Count 2 of the indictment. Doc. 241 at 2-10. In his view, that count stretches *Pinkerton* liability beyond that which due process allows because the possession of firearms by co-conspirators is too attenuated—i.e., not foreseeable. *Id.* at 5-6. Gonzalez contends he may face criminal liability for conduct that is inconsistent with his involvement in the conspiracy (if proven). *Id.* at 10.

As Gonzalez points out, several courts have raised due process concerns regarding the broad application of *Pinkerton* in conspiracy cases. *See* Doc. 241 at 4-9; *see, e.g.*, *United States v. Cherry*, 217 F.3d 811, 816-18 (10th Cir. 2000) (declining to extend *Pinkerton* liability to first degree murder charges for minor drug conspiracy participants); *United States v. Walls*, 225 F.3d 858, 865 (7th Cir. 2000) (rejecting the Government's use of *Pinkerton* and hypothesizing about its unwarranted application to "a large-scale conspiracy, in which a conspirator's possession of a firearm in California is used to obtain a felon-in-possession conviction of a co-conspirator in Illinois"); *United States v. Jones*, 965 F.2d 1507, 1517 (8th Cir. 1992) ("In multi-level drug networks, defendants may aid conspiracies that span far beyond their actual participation. . . . [I]f a defendant agrees to aid a large-volume dealer in completing a single, small sale of drugs, the defendant will not be liable for prior or subsequent acts of the dealer than were not reasonably foreseeable."); *United States v. Powell*, 929 F.2d 724, 729 (D.C. Cir. 1991) (finding the Government "failed to offer specific evidence that this defendant knew to a practical certainty that his drug-peddling associates would be carrying a gun in connection with their joint venture"). As these cases suggest, "without a meaningful link between conspirator and crime, *Pinkerton* charges

[may allow for the side-stepping] of the typical proofs that would be required of the Government." Doc. 241 at 10.

However, these cases addressed the propriety of a conviction based on *Pinkerton* liability. *Cherry*, 217 F.3d at 818; *Walls*, 225 F.3d at 865-68; *Jones*, 965 F.2d at 1516-17; *Powell*, 929 F.2d at 726. Here, the question is simply the sufficiency of the indictment. So, at this stage of the case, Gonzalez's arguments about Count 2 are theoretical rather than factual. The trial has not started, evidence has yet to be presented; Gonzalez's concerns regarding attenuation and foreseeability are therefore speculative.[3] For this reason, the Court rejects Gonzalez's request to dismiss Court 2 of the indictment on due process grounds.

**B.     The Court denies Gonzalez's request to dismiss Counts 1 and 2 of the indictment on vagueness grounds.**

Gonzalez's motion also seeks dismissal of Counts 1 and 2 of the indictment because, in his view, "Count 1 is itself fatally vague." Doc. 241 at 11. And since Count 2 is premised on Count 1, Gonzalez maintains that this second charge is also insufficient. *See id.* In support of his position, Gonzalez complains that the indictment omits information specifying the interdependent behavior of the co-conspirators as well as "what and whose firearm" he is charged with possessing. *Id.* at 12. Although the indictment language could be more specific, a detailed account of the Government's case is not required; the indictment "need only meet minimal constitutional standards." *United States v. Clements*, No. 5:23-cr-01389, 2024 U.S. Dist. LEXIS 6248, at *2 (D.N.M. Jan. 11, 2024) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)). To that end, the indictment will be deemed legally "sufficient if it sets forth the elements of the

---

[3] Of course, at the close of the Government's case Gonzalez may renew his arguments in a motion pursuant to Federal Rule of Criminal Procedure 29.

offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *Dashney*, 117 F.3d at 1205.

Count 1 satisfies this standard. It alleges Gonzalez conspired to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1), which makes it unlawful for "any person knowingly or intentionally . . . manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." Doc. 232 at 1-2. The indictment also provides a temporal scope and geographical location as part of the allegations—between January 2022 and April 13, 2022, in Bernalillo County. *Id.* Thus, Count 1 of the indictment specifies the crime charged, the drugs and quantity at issue, the time, and the location of the alleged crimes. This is sufficient to satisfy the requisite constitutional minimums. *See United States v. Bedford*, 536 F.3d 1148, 1156 (10th Cir. 2008).

Count 2 also passes muster. It alleges Gonzalez is criminally liable based on the reasonably foreseeable possession of a firearm of a co-conspirator under 18 U.S.C. § 924(c)(1)(A)(i). Doc. 232 at 2. Again, Gonzalez is apprised of the time, location, and nature of the crime charged; specifically, on April 13, 2022, in Bernalillo County, New Mexico, Gonzalez "was a member of the conspiracy . . . charged in Count 1 . . . while a member of that conspiracy possessed a firearm in furtherance and as a reasonably foreseeable consequence of the [drug trafficking] conspiracy." *Id.* Details about the firearms wielded or identities of the co-conspirators is not required, and its absence does not affect this Court's finding Count 2 constitutionally sufficient under Rule 7(c). *See United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008) (explaining an indictment "need not . . . allege in detail the factual proof that will be relied upon to support the charges" (quotation omitted)). When viewed in its totality, the indictment puts Gonzalez on fair notice of the charges against which he must defend and enables him to assert a double jeopardy offense. *See United*

5

*States v. Patterson*, 713 F.3d 1237, 1249 (10th Cir. 2013). His arguments to the contrary are unavailing.

**C.     Prejudice does not require severance of Count 2 under Federal Rule of Criminal Procedure 14.**

Citing Rule 14(a) and raising the specter of undue prejudice, Gonzalez next argues that trying Count 2 alongside the three other counts would bias and confuse the jury because inclusion of the firearms charge at trial "dramatically expands the firearms-related evidence" the Government could admit at trial. Doc. 241 at 13; *see* Doc. 266 at 5-6. He claims that severance of Count 2 from the other pending charges is therefore warranted.[4] Doc. 241 at 13-14. The Court disagrees.

A district court may separate counts and conduct separate trails where the joinder of offenses will result in prejudice to the defendants. Fed. R. Crim Proc. 14(a). "To prevail on a motion to sever, a defendant must demonstrate that the joinder would cause actual prejudice to his defense that outweighs the expense and inconvenience of separate trials." *United States v. Thomas*, 849 F.3d 906, 911-12 (10th Cir. 2017). Actual prejudice means the defendant must demonstrate his "right to a fair trial is either threatened or actually deprived." *United States v. Akina*, No. 1:22-cr-01008, 2024 U.S. Dist. LEXIS 16472, at *5 (D.N.M. Jan. 29, 2024) (quoting *United States v. Sturmoski*, 971 F.2d 452, 460 (10th Cir. 1992)).

Here, Gonzalez has not met his burden to demonstrate actual prejudice. That the jury may have knowledge of firearm evidence when considering other counts does not warrant separate trials. Indeed, "severance of counts it not required simply because the cumulative effect of

---

[4] Federal Rule of Criminal Procedure 8(a) provides for joinder of offenses that "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Gonzalez's request for severance is not based on improper joinder.

evidence of similar misconduct might potentially prejudice the defendant." *Id.* at *6 (quoting *United States v. Hollis*, 971 F.2d 1441, 1457 (10th Cir. 1992)). And the evidentiary prejudice Gonzalez identifies may be addressed through an appropriate limiting instruction. *See United States v. Caldwell*, 560 F.3d 1202, 1213 (10th Cir. 2009) (holding instruction advising jury that "the guilt or innocence of a defendant as to each count or offense must . . . be considered separately" was effective); *United States v. Hutchinson*, 573 F.3d 1011, 1026 (10th Cir. 2009) ("[L]imiting instructions are ordinarily sufficient to cure potential prejudice.") (quotation omitted)). "To the extent Defendant argues that the jury would not follow these instructions, a central assumption of Tenth Circuit jurisprudence is that juries follow the instructions they receive." *Akina*, 2024 U.S. Dist. LEXIS 16472, at *7 (alterations omitted) (quoting *United States v. Castillo*, 140 F.3d 874, 884 (10th Cir. 1998)).

As a final point, whatever prejudice Gonzalez may suffer through the introduction of firearms evidence is minimal and may be remedied with a limiting instruction. By contrast, it would be burdensome and inefficient to try this matter in piecemeal fashion—particularly much of the same evidence and witnesses needed to prove up Counts 1, 3, and 4 will also be needed to address Count 2. *See, e.g.*, *United States v. Olsen*, 519 F.3d 1096, 1103-04 (10th Cir. 2008). (affirming trial court's denial of severance of three perjury charges based, in part, on judicial efficiency and repetition of multiple witnesses' testimony). The Court therefore declines to hold separate trials on related counts of the indictment.

In short, Gonzalez has not demonstrated the kind of prejudice Rule 14(a) contemplates. He has not made the requisite showing that inclusion of Count 2 in the upcoming trial will violate his right to a fair trial. Severance is therefore improper. To the extent inclusion of the firearms charge

7

permits the introduction of evidence that would otherwise not be relevant, a limiting instruction is an appropriate remedy.

## CONCLUSION

For the reasons set forth above and those stated on the record at the July 12, 2024, motion hearing, the Court denies Gonzalez's Motion to Dismiss or to Sever Counts of Third Superseding Indictment. Doc. 241.

It is so ordered.

                                            UNITED STATES DISTRICT JUDGE
                                            MATTHEW L. GARCIA