IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                               Case No. 1:22-cr-00896-MLG-3

ERMINIO GUILLERMO GONZALEZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO RECONSIDER**

Defendant Erminio Gonzalez has numerous convictions ranging from drug trafficking to reckless homicide by vehicle. Doc. 378 at 9-19. Moreover, he has often failed to comply with the terms of probation associated with such convictions. *See id.* at 11-19. The result is a lengthy and knotty criminal history that has led to difficulty ascertaining the appropriate punishment for the instant federal charges—including whether Gonzalez is subject to the sentencing provisions of the Armed Career Criminal Act (ACCA)[1] and calculating his criminal history. These complexities have led to the instant dispute.

At issue here is the United States' Motion to Reconsider Memorandum Opinion and Order on Armed Career Criminal Sentencing Objections, Doc. 367, filed July 23, 2025. The Government asks the Court to review its prior holding that Gonzalez's 2009 state drug trafficking conviction

---

[1] The ACCA "establishes a minimum fifteen year [sic] sentence for anyone convicted under 18 U.S.C. § 922(g) who also has three separate convictions for a 'violent felony' or a 'serious drug offense.'" *United States v. Villanueva*, 821 F.3d 1226, 1239 (10th Cir. 2016) (quoting 18 U.S.C. § 924(e)). A "serious drug offense" pursuant to the ACCA includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A).

1

did not constitute a "serious drug offense" pursuant to ACCA. *See* Docs. 357, 367. For the reasons explained below, the Court grants the Government's motion and revises its prior decision.

## BACKGROUND

### I. Gonzalez's Relevant Prior Criminal History

In 2009, the State of New Mexico charged Gonzalez with trafficking a controlled substance in violation of NMSA 1978, § 30-31-20 (2006) ("2009 Trafficking Conviction") and possession of a controlled substance ("2009 Possession Conviction"). *See* Doc. 305-8 at 1; Doc. 305-10 at 2-3.[2] Because the state initially filed these charges as two separate actions, each case was associated with a separate charging document. *See* Doc. 305-8 at 1.

On June 17, 2009, the state prosecutor created and verified a supplemental information. Doc. 347-1 at 1-3 ("2009 Supplemental Information"). That document is messy. The heading identifies the relevant case numbers as those pertaining to the 2009 Possession Conviction, No. D-202-CR-2009-2147, as well as an unrelated possession case from 2007, No. 202-D-CR-2007-99. Doc. 347-1 at 1. But (as seen below) it does not include the case number for the 2009 Trafficking Conviction, No. 202-2009-2985. *See id.*; Doc. 329-1 at 1.



---

[2] Gonzalez also admitted to violating his probation for a third, separate crime which is not relevant to whether the ACCA enhancement applies to his case. *See* Doc. 305-8 at 1.

Doc. 347-1 at 1. The body of the 2009 Supplemental Information identifies three of Gonzalez's prior convictions, but they do not align with the document's heading.

> 1. The above-referenced defendant is the same person convicted of POSSESSION OF A CONTROLLED SUBSTANCE (COCAINE), a felony offense, committed on or about October 3, 1999, as charged in Criminal Cause No. CR 1999-00873, and convicted on July 13, 2001, in the Eleventh Judicial District Court, San Juan County, New Mexico.
>
> 2. The above-referenced defendant is the same person convicted of ROBBERY, a felony offense, committed on February 28, 2004, as charged in Criminal Cause No. CR 2004-04417, and convicted on February 2, 2005, in the Second Judicial District Court, Bernalillo County, New Mexico.
>
> 3. The above-referenced defendant is the same person convicted of TRAFFICKING A CONTROLLED SUBSTANCE (WITH INTENT TO DISTRIBUTE)(COCAINE), a felony offense, committed on April 1, 2009, as charged in Criminal Cause No. CR2009-02985 INFORMATION, and convicted on June 18, 2009, in the Second Judicial District Court, Bernalillo County, New Mexico.

*Id*. Paragraph 1 provides that Gonzalez is the same person convicted of possession of a controlled substance in the Eleventh Judicial District Court, San Juan County, on July 13, 2001. *Id.* Paragraph 2 reads that Gonzalez is the same person convicted of robbery in the Second Judicial District, Bernalillo County, on February 2, 2005. *Id.* Paragraph 3, which addresses the 2009 Trafficking Conviction, states Gonzalez is the same person convicted of trafficking a controlled substance "as charged in Criminal Cause No. CR2009-02985 INFORMATION, and convicted on June 18, 2009, in the Second Judicial District Court." *Id.* Further confusing the matter is that the 2009 Supplemental Information appears to add a habitual offender enhancement to Gonzalez's 2001 possession charge—even though it is not a qualifying offense. *See id.* at 2.

> And therefore, the defendant's sentence for the offense enumerated Paragraph 1 shall be enhanced pursuant to Section 31-18-17(B), NMSA 1978, as amended, a four (4) year enhancement.

It states that "the defendant's sentence for the offense enumerated Paragraph 1 shall be enhanced pursuant to Section 31-18-17(B), NMSA 1978, as amended, a four (4) year enhancement." *Id.* at 2.

On June 18, 2009, Gonzalez pled guilty to the 2009 Trafficking Charge and the 2009 Possession Conviction. Doc. 305-8 at 1. The Repeat Offender and Disposition Agreement ("Plea Agreement") memorializing his guilty plea identifies the maximum penalty for the 2009 Trafficking Conviction (a second-degree felony) as a "basic sentence of nine years . . . ." *Id.* at 2. It included the possibility that Gonzalez would be treated as a habitual offender if he incurred additional charges. *Id.* at 3. Gonzalez was ultimately sentenced to a nine-year suspended sentence with an actual four-year term of incarceration followed by five years of probation.[3] Doc. 305-10 at 3-4.

After being released from custody but while still on probation for the 2009 charges, Gonzalez was arrested for reckless homicide by vehicle.[4] Doc. 378 at 16-17 ¶ 52. Thereafter, on May 28, 2013, a state prosecutor filed a supplemental information in the case for the 2009 Trafficking Conviction. Doc. 347-1 at 4 ("2013 Supplemental Information"). This new charging document, which identifies the case number for the 2009 Trafficking Conviction, was filed in open court. *Id*. It provides that "[D]efendant's sentence [for the 2009 Trafficking Conviction] shall be enhanced pursuant to Section 31-18-17(B), NMSA 1978, as amended, a four year [sic] enhancement." *Id.* at 4-5.

---

[3] The state court appeared to apply the habitual offender enhancement to the 2009 Trafficking Conviction by ordering an actual sentence of four years "pursuant to the Habitual Offender Sentence" in addition to the nine years suspended sentence. Doc. 305-10 at 3. As discussed herein, absent a charging document from the prosecution applying the enhancement to the 2009 Trafficking Conviction, the court could not apply the habitual offender enhancement. *See* Discussion II.A, *infra* 8-11. Gonzalez was sentenced to eighteen months for the 2009 Possession charge to be served concurrently with the 2009 Trafficking Charge. Doc. 305-10 at 2.

[4] Gonzalez was arrested for vehicular homicide on March 24, 2012, and he was sentenced on April 18, 2014. Doc. 378 at 18 ¶ 55.

> FILED
> SECOND JUDICIAL DISTRICT
> 2013 MAY 29 AM 11:14
> BRITTNEY MUNOZ
>
> Filed in open Court this 28th day of May 2013 @ 2:07pm.
>
> SECOND JUDICIAL DISTRICT COURT
> COUNTY OF BERNALILLO
> STATE OF NEW MEXICO
>
> CR No.: 2009-2985
> CR No.: 2009-2985 Supplemental
> DA File No.: 2009-2391-1
>
> STATE OF NEW MEXICO,
>     Plaintiff,
>
> vs.
>
> ERMINIO GONZALEZ,
> DOB: XX/XX/1980
> SSN: XXX-XX-7278
>     Defendant.
>
> **SUPPLEMENTAL INFORMATION**
>
> Joseph H. Robertson, Assistant District Attorney for the Second Judicial District of the State of New Mexico, STATES:
>
> 1. The above-referenced defendant is the same person that on June 28, 2004, committed the felonies of ROBBERY (COUNT 1) and AUTO BURGLARY (COUNT 3) and was convicted on February 2, 2005 in Criminal Cause No. CR 2004-4417, in the Second Judicial District Court, Bernalillo County, New Mexico.
>
> 2. The above-referenced defendant is the same person that on December 22, 2006, committed the felony of POSSESSION OF A CONTROLLED SUBSTANCE (COCAINE), and was convicted on August 1, 2008, in Criminal Cause No. CR 2007-0099, in the Second Judicial District Court, Bernalillo County, New Mexico.
>
> 3. The above-referenced defendant is the same person that on April 1, 2009, committed the felony of TRAFFICKING A CONTROLLED SUBSTANCE (BY POSSESSION WITH INTENT TO DISTRIBUTE)(COCAINE), and was convicted on June 18, 2009 in Cause No. CR 2009-2985, in the Second Judicial District Court, Bernalillo County, New Mexico.
>
> And therefore the defendant's sentence enumerated in Paragraph 3 shall be enhanced pursuant to Section 31-18-17 (B), NMSA 1978, as amended, a four year enhancement.
>
> Joseph H. Robertson, Assistant District Attorney
> for the Second Judicial District
> County of Bernalillo
> State of New Mexico

*Id.* In accordance with this language, the Second Judicial District Court revoked Gonzalez's probation and imposed "a four year [sic] habitual offender enhancement on count one of the indictment [in the 2009 trafficking case.]" Doc. 305-11 at 2. Gonzalez served this sentence and was released on parole in May of 2018. Doc. 378 at 18 ¶ 54.

**II.    Applying the ACCA Enhancement to Gonzalez's 18 U.S.C. § 922(g)(1) Conviction**

5

In 2024, a jury convicted Gonzalez of being a felon in possession of a firearm and ammunition and possessing fentanyl in violation of 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 844, respectively. Doc. 378 at 1-2, 5. When Probation initially prepared the relevant Presentence Investigation Report ("PSR"), it concluded that the ACCA did not apply. Doc. 300 at 26-27. The United States objected. It asserted that Gonzalez's prior state convictions met the statutory prerequisites necessitating the ACCA's application. Doc. 304 at 4. Probation ultimately agreed and issued an addendum to the PSR adopting the Government's position. Doc. 320 at 10. The amended PSR included a corresponding fifteen–year mandatory minimum sentence. Doc. 322 at 9 ¶ 41, 24 ¶¶ 88- 89.[5]

Gonzalez objected to the amended PSR on two separate grounds. First, he asserted that the 2009 Trafficking Conviction does not qualify as a "serious drug offense" under 18 U.S.C. § 924(e). Doc. 329 at 1-5. He further argued that his prior state robbery convictions do not constitute "crimes of violence" for purposes of ACCA.[6] *Id.* at 5-9.

On April 8, 2025, the Court held a hearing on Gonzalez's objections. *See* Doc. 347 (Clerk's Minutes); Doc. 348 (Hearing Transcript). Probation Officer Jon-Paul Barabe testified during that proceeding. It was during his testimony that the 2009 Supplemental Information and the 2013 Supplemental Information were first addressed. *Id.* at 23:3-26:20, 29:3-31:2; Doc. 347-1. The Court had not previously been aware of those filings. *See* Docs. 304, 305, 329.

---

[5] Following the Court's June 24, 2025 Memorandum Opinion, Probation issued a third amended PSR. Doc. 378 at 1.

[6] Gonzalez was indicted in state court for two separate purse snatchings in 2004. Doc. 305-1 at 1; Doc. 305-3 at 1. He pled guilty to both charges in 2005. Doc. 305-4.

Following the hearing, the Court issued its Memorandum Opinion and Order concluding that Gonzalez's conviction for the 2009 Trafficking Conviction was not a "serious drug offense" under the ACCA. Doc. 357 at 5-8. The underlying reasoning stemmed from the state prosecutor's decision not to seek a habitual offender enhancement for that crime. *Id.* at 6-8. Simply put, Gonzalez's punishment for the 2009 Trafficking Conviction, which (apparently) excluded a habitual offender enhancement, was insufficient to trigger the ACCA's harsher sentencing provisions. *Id.* at 6 (discussing NMSA 1978, § 31-18-15 (2024) and § 31-18-17(B) (2003)). Consequently, the Court sustained Gonzalez's objection. *Id.* at 8.

The Court also addressed Gonzalez's argument that his two prior robbery convictions did not qualify as predicate ACCA offenses. His position, if accepted, would necessarily require a finding that Tenth Circuit decisional authority was no longer binding—i.e. that it had been implicitly overruled by other opinions. Unwilling to take that leap, the Court ultimately ruled that Gonzalez's robbery convictions constituted violent felonies under the ACCA. *Id.* at 8-10 (discussing the application of *United States v. Garcia*, 877 F.3d 944 (10th Cir. 2017)). That holding did not impact the result, however, because the Court held that Gonzalez's 2009 Trafficking Conviction did not qualify as an ACCA predicate offense. *Id.* at 10.

### III. The Government's Motion to Reconsider

After the Court issued its opinion, the United States timely filed a motion to reconsider. Doc. 367. There, the Government asserts that the two supplemental informations demonstrate the habitual offender enhancement applied to the 2009 Trafficking Conviction, thereby qualifying the conviction as a serious drug offense. *Id.* at 2-8. In response, Gonzalez reiterates his contention that the United States failed to meet its burden in establishing that he faced a habitual offender enhancement for his 2009 trafficking sentence. *See generally* Doc. 369.

**DISCUSSION**

## I.   Motions to Reconsider

Motions to reconsider are permissible in the criminal context even though the Federal Rules of Criminal Procedure do not specifically authorize them. *See United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011). This dispensation recognizes that "a district court should have the opportunity to correct alleged errors in its dispositions." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). Though permissible, such motions should not be filed merely "to revisit issues already addressed or advance arguments that could have been raised earlier." *Id.* "A motion to reconsider is appropriate in those limited instances when the court has misapprehended the facts, a party's position, or the law." *Id.* (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Specific grounds include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (internal quotation marks omitted) (quoting *Servants of Paraclete*, 204 F.3d at 1012).

## II.   The 2009 Trafficking Conviction is a "Serious Drug Offense" Under the ACCA

### A.   2009 Supplemental Information

Gonzalez's 2009 Trafficking Conviction may only be considered an ACCA predicate offense if an enhancement was validly applied to his sentence. Otherwise, Gonzalez faced the basic sentence of nine years—which falls short of the ten years or more of imprisonment required for a "serious drug crime." *See* § 924(e)(2)(A); *United States v. Romero-León*, 622 F. App'x 712, 716-17 (10th Cir. 2015); Doc. 305-8 at 2; Doc. 305-10 at 2; *see also State v. Frawley*, 2007-NMSC-057, ¶ 22, 143 N.M. 7, 172 P.3d 144 ("In New Mexico the basic sentence for a noncapital felony shall be imposed unless the court alters such sentence."). The United States argues the 2009 Supplemental Information provided for an enhancement to the 2009 Trafficking Conviction. In support of that contention, the Government points to language referencing and purportedly

8

enhancing Gonzalez's sentence for a 2001 possession conviction from the Eleventh Judicial District Court. Doc. 367 at 5 n.2; Doc. 373 at 3-4. That conviction, however, is not an ACCA predicate offense as Gonzalez (apparently) served little to no time for that charge. *See* Doc. 378 at 12 ¶ 46; § 924(e)(2)(A). The United States acknowledges this but characterizes the issue as a clerical error. Doc. 367 at 5 n.2. It argues the 2009 Supplemental Information erroneously references the 2001 conviction and "should have" instead enhanced the 2009 Trafficking Conviction. *Id.* That is plausible, but the United States offers no evidentiary support to substantiate its position.[7] *See* Docs. 367, 373. Instead, the United States assumes the state prosecutor pursued an enhancement for the 2009 Trafficking Conviction—despite the language indicating the enhancement was sought for the 2001 possession conviction. Doc. 367 at 5 n.2. More is required. Mere speculation from the Government fails to prove by a preponderance of the evidence that the ACCA enhancement is appropriate. *Cf. United States v. Garcia-Martinez*, 730 F. App'x 665, 673 (10th Cir. 2018) (holding to prevail on a *Brady* claim a "defendant must marshal arguments that are more than 'merely speculative' that demonstrate by a preponderance of the evidence that the three *Brady* criteria are satisfied . . . .").

The United States claims that other court filings, including the Plea Agreement, Doc. 305-8, and the Judgment, Sentence, and Commitment ("J&S"), Doc. 305-10, demonstrate the state prosecutor intended to bring a sentencing enhancement for Gonzalez's 2009 Trafficking Conviction.[8] Doc. 367 at 5-7. Even if true, this argument is immaterial. Under New Mexico law,

---

[7] U.S. Probation Officer Barabe did not and could not testify on that issue. Doc. 369 at 3; Doc. 348 at 10:1-35:9.

[8] Since the Court concludes the 2013 Supplemental Information establishes that the State filed the required information for the habitual offender enhancement, the Court will not address the United States' arguments regarding the Plea Agreement and J&S in detail.

a district attorney must "file an information charging [a] person as a habitual offender" *before* a court may apply a habitual offender sentencing enhancement. *See* NMSA 1978, § 31-18-19 (1977) (providing that if "it appears that a person convicted of a noncapital felony is or may be a habitual offender, it is the duty of the district attorney of the district in which the present conviction was obtained to file an information charging that person as a habitual offender"); NMSA 1978, 31-18-20 (1983) (explaining the procedure a court must follow when sentencing an individual as a habitual offender, which requires that the person has "been charged as a habitual offender under the provisions of Section 31-18-19"); *cf. Frawley*, 2007-NMSC-057, ¶ 22, ("[I]n actual day-to-day operation of our sentencing laws, it is the *State's* discretion, rather than the judge's, that must be exercised before a sentence may be aggravated."). A court may not apply the enhancement sua sponte. *See Romero-León*, 622 F. App'x at 718.

The 2009 Supplemental Information does not charge Gonzalez as a habitual offender for the 2009 Trafficking Conviction, and therefore, it cannot serve as evidence that an enhancement was properly sought at that time. *See* Doc. 347-1 at 1-2. And although the J&S indicates a four-year habitual offender sentencing enhancement was applied to the 2009 Trafficking Conviction, that cannot be so. There is nothing in the record demonstrating that the prosecutor filed the necessary pleading charging Gonzalez as a habitual offender in 2009. *See* Doc. 305-10 at 2-3; NMSA 1978, §§ 31-18-19 to -20; *State v. Gage*, No. A-1-CA-40563, ¶ 21, 2025 WL 253064 (N.M. Ct. App. Jan. 21, 2025) ("No authority, however, supports a conclusion that the district court has jurisdiction to impose a habitual offender sentence if the defendant has not been so 'charged' at all . . . ."); *State v. Romero*, 2023-NMSC-008, ¶ 32, 528 P.3d 640 ("An illegal sentence is void and a nullity."). Accordingly, the Court finds that 2009 Supplemental Information is insufficient evidence that a habitual offender enhancement was sought or properly applied by the state

10

prosecution in 2009. *See* Doc. 347-1 at 1-2; *see also Romero-León*, 622 F. App'x at 718 (concluding the defendant's drug crimes did not trigger the ACCA because the New Mexico prosecutor did not file the requisite pleadings to enhance the defendant's state conviction).

### B.     The 2013 Supplemental Information

By contrast, the 2013 Supplemental Information is absent of the ambiguities found in the 2009 Supplemental Information.[9] *Contrast* Doc. 347-1 at 1-2 *with* Doc. 347-1 at 4-5. It provides that the sentence imposed for the 2009 Trafficking Conviction shall be enhanced pursuant to New Mexico's habitual offender law. [10] Doc. 347-1 at 4-5. Although the 2013 Supplemental Information

---

[9] The United States did not address the 2013 Supplemental Information in its initial briefing on this matter. It raised the issue for the first time in its motion to reconsider. *See* Doc. 304; Doc. 313.

[10] Gonzalez argues the United States bears the burden to prove with "certainty" that a prior conviction is a predicate offense under the ACCA. Doc. 369 at 4. *Taylor v. United States* produced the "'certainty' standard [used] to determine whether an offense qualifies for ACCA enhancement . . . ." *Taylor*, 495 U.S. 575 (1990); *United States v. Trent*, 884 F.3d 985, 996 (10th Cir. 2018). In *Taylor*, the Supreme Court "established the rule for determining when a defendant's prior conviction counts as one of ACCA's enumerated predicate offenses" under § 924(e)(2)(B)(ii), i.e., whether the prior conviction is a "violent felony." *See Descamps v. United States*, 570 U.S. 254, 260-61 (2013). "If the relevant statute has the same elements as the 'generic' ACCA crime, then the prior conviction can serve as an ACCA predicate; so too if the statute defines the crime more narrowly, because anyone convicted under that law is 'necessarily . . . guilty of all the [generic crime's] elements.'" *Id.* at 261 (alteration in original) (quoting *Taylor*, 495 U.S. at 599) But the ACCA's definition of "serious drug offense" under § 924(e)(2)(A)(ii) "does not require that the state offense match certain generic offenses," it "requires only that the state offense involve the conduct specified in the federal statute." *See Shular v. United States*, 589 U.S. 157, 159-62 (2020). This may explain why, in cases in which the Tenth Circuit has weighed whether a prior conviction is a "serious drug offense," the *Taylor* certainty test is neither applied nor mentioned. *See, e.g., Villanueva*, 821 F.3d at 1239-40 (concluding the district court did not err in classifying the defendant's prior conviction for distribution of marijuana as a "serious drug offense"); *United States v. Coleman*, 656 F.3d 1089, 1090-93 (10th Cir. 2011) (concluding the defendant's drug trafficking convictions qualified as "serious drug offenses" under the ACCA); *United States v. Swindell*, 109 F. App'x 244, 244-45 (10th Cir. 2004) (concluding a defendant's prior conviction was not a "serious drug offense" under the ACCA). To the extent the certainty standard would apply, the Court is convinced that Gonzalez's 2009 Trafficking Conviction "involve[d] . . . conduct specified in the federal statute." *See Shular*, 589 U.S. at 157; § 924(e)(2)(A)(ii). The Court is also certain Gonzalez faced more than the statutorily required ten years of imprisonment because the 2013 Supplemental Information timely charged Gonzalez's 2009 Trafficking Conviction with a

11

was filed roughly four years after the J&S was entered by the district court, that fact is not dispositive. New Mexico state law allows state prosecutors to file an information requesting the habitual offender enhancement "at any time following conviction, as long as the sentence enhancement is imposed before the defendant finishes serving the term of incarceration and any parole or probation that may follow that term." *State v. Trujillo*, 2007-NMSC-017, ¶ 10, 141 N.M. 451, 157 P.3d 16 (internal quotation marks omitted) (quoting *State v. Freed*, 1996-NMCA-044, ¶ 8, 121 N.M. 569, 915 P.2d 325); *see also* NMSA 1978, § 31-18-19 (1977) ("If at any time, either after sentence or conviction, it appears that a person convicted of a noncapital felony is or may be a habitual offender, it is the duty of the district attorney . . . to file an information charging that person as a habitual offender.").

Notwithstanding that language, Gonzalez suggests the 2013 Supplemental Information should be disregarded. In his view the Court must limit its consideration to "'the charging document to which [the defendant] pleaded guilty'" and not orders entered years later due to probation revocations.[11] Doc. 329 at 5 (alteration in original) (quoting *United States v. Thornton*, 766 F. 3d 875, 878 (8th Cir. 2014)). But the lone case Gonzalez relies upon to support his contention is both nonbinding and distinguishable. *Id.*

---

four-year habitual offender enhancement, which the sentencing court was obligated to impose under New Mexico law. Doc. 347-1 at 4; *see Trujillo*, 2007-NMSC-017, ¶ 10; NMSA 1978, § 31-18-20(c). Therefore, it is certain that Gonzalez's 2009 Trafficking Conviction is a "serious drug offense" per the ACCA. Doc. 305-8 at 1-2; Doc. 305-10; Doc. 347-1 at 4-5.

[11] In *Shepard v. United States*, 544 U.S. 13 (2005), "the Supreme Court held that the 'charging document,' the 'terms of a plea agreement,' the 'transcript of colloquy between judge and defendant,' or 'some comparable judicial record,' is the permissible universe of evidence a court may consider in determining whether a guilty plea establishes a predicate offense" under the ACCA. *United States v. Cook*, 550 F.3d 1292, 1295 (10th Cir. 2008) (quoting *Shepard*, 544 U.S. at 26).

In *Thornton*, the defendant asserted the government failed to establish his 1992 Kansas burglary conviction was a qualifying violent felony under the ACCA. 766 F. 3d at 876. Specifically, the defendant argued "the district court was left with insufficient evidence to determine which subsection of the 1992 Kansas burglary statute he pleaded guilty to." *Id.* at 876, 878. The government offered only a criminal complaint and "various journal entries" when arguing the Kansas burglary was a qualifying violent felony. *Id.* at 878. The criminal complaint, however, was not the charging document to which the defendant pleaded guilty. *Id.* at 878-79. Rather, the defendant pled guilty to a criminal information, a pleading that Kansas distinguishes from a criminal complaint. *Id.* (citing Kan. Stat. Ann. § 22-3201). Based on these facts, the Eighth Circuit ruled the criminal complaint did not establish which subsection of the 1992 Kansas burglary statute was implicated in defendant's plea. *Id.* at 879. Expounding, the court reasoned that "[t]he additional documents submitted in the form of journal entries fail[ed] to provide a sufficient link between the complaint and the information or to offer any other information upon which the district court could rely when determining whether Thornton pleaded guilty to a generic burglary for purposes of the ACCA." *Id.* The Eighth Circuit therefore concluded "the district court lacked sufficient information upon which to find that Thornton pleaded guilty to generic burglary, a qualifying violent felony for purposes of the ACCA." *Id.*

The instant facts differ from those presented in *Thornton*. The 2013 Supplemental Information is unequivocal; it plainly supplements the Information originally filed in 2009 for the 2009 Trafficking Conviction. Doc. 347-1 at 4-5; Doc. 329-1; *see also State v. Harris*, 1984-NMCA-003, ¶ 11, 101 N.M. 12, 677 P.2d 625 (finding a supplemental information which alleged the defendant was a habitual offender without charging a separate crime was a valid charge). Unlike the criminal complaint in *Thornton*, there is no dispute that Gonzalez pled guilty to the

2009 trafficking charge listed in the original information in that case. Doc. 329-1; *see also* Doc. 305-8 at 2-3. The 2013 Supplemental Information can therefore be relied upon as it is part of the charge Gonzalez pled guilty to on June 18, 2009. Doc. 305-8.

Gonzalez further asserts that the Court may not properly rely on the Order Revoking Probation in reaching its conclusion because it pertains to separate criminal charge (vehicular homicide) that is not an ACCA predicate offense. Doc. 329 at 5. But once the state prosecutor filed the 2013 Supplemental Information and charged Gonzalez as a habitual offender,[12] the state court was obligated to impose the enhancement. *Trujillo*, 2007-NMSC-017 at ¶ 10; NMSA 1978, § 31-18-20(C). Notably, Gonzalez was aware of this potential outcome. Gonzalez expressly acknowledged that he understood the State would pursue a habitual offender enhancement if he continued to break the law "after he enters his plea and before he completes his sentence in this case[.]" Doc. 305-8 at 3; *Montoya v. New Mexico*, 55 F.3d 1496, 1499 (10th Cir. 1995) (finding that a plea agreement in a New Mexico state criminal case "unambiguously put [the defendant] on notice that the state would seek a further habitual offender enhancement if he violated the terms of the agreement, and that the enhancement might be based on any prior felony convictions acknowledged in the agreement"). The nature of the offense triggering the application of the habitual offender enhancement to Gonzalez's 2009 Trafficking Conviction is therefore irrelevant.

Because the 2013 Supplemental Information timely sought to charge Gonzalez's 2009 Trafficking Conviction with the habitual offender enhancement, Gonzalez faced an additional four

---

[12] The state prosecutor would only need to list Gonzalez's prior felony convictions in order for the district court to find that Gonzalez was the "same person and that he was in fact convicted of the previous . . . crimes as charged." NMSA 1978, § 31-18-20(C). Gonzalez admitted he was convicted of four felonies in 2001, 2005, and 2008 in the Plea Agreement. Doc. 305-8 at 1-2. These admitted felony convictions are listed in Paragraphs 1 and 2 of the 2013 Supplemental Information. Doc. 347-1 at 4.

years in prison because the state court was obligated to impose the enhancement pursuant to New Mexico law. *Trujillo*, 2007-NMSC-017, ¶ 10; NMSA 1978, § 31-18-20(C). Gonzalez's 2009 Trafficking Conviction therefore qualifies as a "serious drug offense" under the ACCA because he faced more than ten years of imprisonment. Doc. 305-10 at 2-3; Doc. 347-1 at 4-5.

**III.    The ACCA Enhancement Applies to Gonzalez's Sentence in this Case**

As discussed in the Court's Memorandum Opinion and Order, Gonzalez's two state robbery convictions are predicate ACCA offenses because binding Tenth Circuit precedent concludes New Mexico robbery is a violent crime under the ACCA. Doc. 357 at 8-10 (discussing the application of *United States v. Garcia*, 877 F.3d 944 (10th Cir. 2017)). After reconsidering the record, Gonzalez's 2009 Trafficking Conviction qualifies as a "serious drug offense" per the ACCA. Therefore, the ACCA enhancement applies to Gonzalez's sentence regarding his 18 U.S.C. § 922(g)(1) conviction as he has three predicate offenses. *See* 18 U.S.C. § 924(e).

## CONCLUSION

For the reasons explained above, the Court grants the United States' Motion to Reconsider, Doc. 367. The Court overrules Gonzalez's objection to his 2009 trafficking conviction. Doc. 329 at 1-5. The mandatory fifteen-year minimum sentence associated with the ACCA shall be applied in determining Gonzalez's sentence. *See* 18 U.S.C. § 924(e). The PSR, Doc. 378, shall be amended accordingly.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA