IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

                                      Case No. 1:22-cr-00896-MLG-3

v.

ERMINIO GUILLERMO GONZALEZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER
ON THE PARTIES' SENTENCING OBJECTIONS**

As explained in a previous opinion issued in this case, Defendant Erminio Gonzalez has numerous convictions and repeated probation violations. *See* Doc. 383 at 2-5; Doc. 357 at 2-3. His extensive criminal conduct has made it difficult for the U.S. Probation and Pretrial Services office ("Probation") to ascertain the relevant criminal history for sentencing. And the Court is again called on to resolve disputes regarding Gonzalez's guideline calculations under the U.S. Sentencing Guidelines Manual ("Guidelines").

**I.**     **Objections to Gonzalez's Criminal History[1]**

Gonzalez argues Probation erred in computing his criminal history in two ways. *See* Doc. 305 at 4-6. First, he contends that his robbery convictions received twice as many points as the Guidelines contemplate. *Id.* at 4-5. Gonzalez's second objection, which has no apparent impact on his guideline calculations, addresses whether Probation erroneously attributed a 2013 probation

---

[1] Gonzalez's charges and corresponding probation violations are numerous. But for clarity and ease of reading, the Court discusses only those relevant to its determination in this matter. The Court incorporates by reference the factual and procedural background of this case as detailed in its prior Memorandum Opinions and Orders. Doc. 357 at 2-5; Doc. 383 at 2-7.

revocation to the wrong conviction (neither of the underlying charges are at issue in this proceeding). *Id.* at 6. The Court evaluates each of these matters below.[2]

Gonzalez was sentenced by the Second Judicial District Court of the State of New Mexico on November 10, 2005, for his part in two separate purse snatchings.[3] Doc. 305-5 at 1 ¶¶ 1-3. The first of these crimes (Case No. D-202-CR-2004-01043) occurred on February 28, 2004. Doc. 385 at 12-13 ¶ 49. Months later, on June 28, 2004, Gonzalez was part of another purse-snatching incident (Case No. D-202-CR-2004-04417). *Id.* at 14 ¶ 50. The cases were consolidated for sentencing along with an additional (and unrelated) burglary charge. *Id.* Gonzalez pled guilty to all three charges, and he was given a sentence of six–years imprisonment with four years suspended—the net result being two years in custody. *Id.* at 12-14 ¶¶ 49, 50. After completing his term of imprisonment, Gonzalez was to serve four–years supervised probation.[4] *Id.* at 12-14 ¶¶ 49-50. He did not satisfy that obligation. On May 23, 2007, Gonzalez's probation was revoked after new criminal charges were filed against him. *Id.* at 14 ¶ 50. As a result, the state district court

---

[2] Gonzalez also argues that "simple robbery convictions" under threat of force no longer constitute "crimes of violence" and the offense level enhancements applied due to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to his felon-in-possession-of-a-firearm conviction are inapplicable. Doc. 305 at 7-10; *see also* Doc. 322 at 9 ¶ 41; Doc. 385 at 9 ¶ 41 (applying the ACCA enhancement and Section 4B1.4(b) of the Guidelines). As discussed in the Court's previous Memorandum Opinions, Tenth Circuit precedent dictates that New Mexico robbery is a violent crime for purposes of the ACCA. Doc. 357 at 8-10 (discussing the application of *United States v. Garcia*, 877 F.3d 944, 956 (10th Cir. 2017)); Doc. 383 at 15. Gonzalez's Objection therefore remains overruled. *See* Doc. 305 at 7-10.

[3] Gonzalez received the same sentence for both robberies: two–years imprisonment with two years suspended, followed by four years of probation, with both sentences to run concurrently. Doc. 305-5 at 2. In total, the state district court imposed three years imprisonment for each robbery with two years suspended, which resulted in an "actual sentence of imprisonment of two (2) years." *Id.*

[4] Gonzalez was arrested on October 15, 2004. *Id.* at 14 ¶ 50. He was released from custody to probation supervision on October 20, 2006. *Id.*

gave him an additional 547 days of custody.[5] Doc. 305-6 at 1-2; Doc. 385 at 12-13 ¶ 49; *see also* Doc. 305 at 5.

Based on these facts, Probation assigned, for sentencing purposes, three criminal history points for Gonzalez's first robbery conviction and an additional three points for his second one (including the burglary count) for a total of six criminal history points. Doc. 385 at 12-13 ¶ 49, 14-15 ¶ 50. Gonzalez takes issue with these sentencing calculations, claiming he should receive criminal history points for only one of those convictions but not both. Doc. 305 at 5-6. The Court agrees that the calculations are incorrect but disagrees that he should receive points for only one conviction.

### A.    Criminal History Points Attributed to Gonzalez's Robbery Convictions[6]

The assignation of criminal history points to Gonzalez's prior probation violations involves a two-step process. *United States v. Tisdale*, 248 F.3d 964, 983 (10th Cir. 2001). First, it must be

---

[5] Gonzalez objects to Probation's Presentence Investigation Report ("PSR"), arguing it mischaracterizes his probation revocation as a sentence "to 6 years in custody." Doc. 305 at 5 (citing Doc. 300 at 13 ¶ 48). That reflects, incorrectly, the initial sentence imposed in 2005 rather than the probationary sentence imposed in 2007. *Id.* (citing Doc. 300 at 13 ¶ 48); *see also* Doc. 385 at 12-13 ¶ 49 (containing the same language).  Before calculating the credit Gonzalez received for his prior confinement and time on probation, the state district court ordered he "be imprisoned for a total of 6 years" for the two robberies and auto burglary. Doc. 305-6 at 1. This was not the actual sentence eventually imposed. *See* U.S.S.G. § 4A1.2(b)(2) (noting "sentence of imprisonment" refers only "to the portion [of the sentence] that was not suspended").
To reach its final sentence, the state district court credited Gonzalez 1,046 days for time in confinement and on probation. Doc. 305-6 at 2. This left "the balance of 1144 remaining days" on Gonzalez's sentence. *Id.* The state district court "suspended without condition" 597 days of Gonzalez's resulting sentence and imposed 547 days "in actual imprisonment." *Id.* Therefore, the Court will grant Gonzalez's objection as to this language. Doc. 305 at 5. The PSR's language shall be amended to reflect the actual sentence imposed.

[6] There is no dispute that Gonzalez's probation violations and the corresponding sentence falls within the applicable time period for purposes of computing criminal history. *See* U.S.S.G. §§ 4A1.2(e)(1), (k)(2); Doc. 385 at 12-15 ¶¶ 49-50. As Probation explained, "the defendant's last release from custody in both case numbers D-202-CR-2004-01043 and D-202-CR-2004-04417 was certainly within 15 years of the instant offense[.]" Doc. 320 at 4; *see also* § 4A1.2(k)(2)(A)

3

determined whether his "convictions are counted separately or treated as a single sentence." U.S.S.G. § 4A1.2(a)(2). This threshold inquiry easily resolves Gonzalez's objections. Gonzalez was arrested for purse-snatching on two separate occasions: February 28, 2004, and June 28, 2004. Doc. 305-6 at 1; Doc. 385 at 12-15 ¶¶ 49-50. Because "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest[,]" each of Gonzalez's robbery convictions are treated as distinct convictions. § 4A1.2(a)(2).

Second, the consequences of any revocations of probation or parole under Section 4A1.2(k) of the Guidelines must be considered. With respect to prior sentences involving the revocation of probation or parole, the Guidelines instruct courts to "add the original term of imprisonment to any term of imprisonment imposed upon revocation[,]" and to use "[t]he resulting total . . . to compute the criminal history points for § 4A1.1(a), (b), or (c), as applicable." § 4A1.2(k)(1). "Where a revocation applies to multiple sentences, and such sentences are counted separately under § 4A1.2(a)(2)" the court is instructed to "add the term of imprisonment imposed upon revocation to the sentence that will result in the greatest increase in criminal history points." § 4A1.2 cmt. n.11. (providing relevant example demonstrating when probation was revoked for multiple sentences for the same violation conduct, the term of imprisonment imposed upon revocation applied to only one sentence); *see e.g.*, *United States v. Streat*, 22 F.3d 109, 111-12 (6th Cir. 1994) (ordering the defendant's criminal history score be reduced because the district court

---

(noting that when considering the revocation of probation or parole, the applicable time period "in the case of an adult term of imprisonment totaling more than one year and one month" should be counted by "the date of last release from incarceration on such sentence."). The question presented is the total number of points Gonzalez should be assigned for these two charges and the corresponding probation violations. Ultimately, the question is largely academic. Even if the Court agreed with Gonzalez that he should receive points for just one of the robbery convictions at issue here, it would not impact his criminal history computation. His criminal history score would be 15 rather than 18 but his criminal history category score would remain unchanged; it would still be a VI. *Compare* Doc. 385 at 12-15 ¶¶ 49-50 *and id.* at 19 ¶ 57, *with* § 4B1.4(c).

4

erred by assigning a one–year probation revocation sentence to three separate convictions that were revoked at the same time).

Here, Gonzalez's probation revocation applies to multiple and separate sentences for the 2004 robberies, but the resulting terms of imprisonment were identical (and served concurrently). Doc. 305-6 at 2. It therefore is immaterial which terms of imprisonment are selected because, in either instance, the resulting greatest criminal history point total is three. §§ 4A1.2 (k)(1), cmt. n.11; § 4A1.1(a).

This does not mean that Gonzalez gets a free pass on the other robbery conviction. Section 4A1.1(d) mandates an additional point for each prior crime of violence not receiving any points under Sections 4A1.1(a)-(c). Robbery remains a crime of violence in New Mexico. *See supra* n.3. Looking to each of those subsections, the Court finds that neither § 4A1.1(b) nor § 4A1.1(c) apply because the original sentence for the robbery was imposed more than ten years prior to the commencement of the instant offense. § 4A1.1 cmt. n.2, n.3; Doc. 385 at 7 ¶ 18 (noting the date of instant offense is May 13, 2022), 12-15 ¶¶ 49-50. Section 4A1.1.(d) is therefore applicable. *See* § 4A1.1 cmt. n.4 (providing a hypothetical with facts similar—though not identical—to those presented in this case). And per that provision, Gonzalez receives one criminal history point for the remaining robbery sentence. The end total is four criminal history points for both robberies.

## B.    Revocations of Probation Related to Gonzalez's 2009 Drug Convictions

In 2009, Gonzalez once again found himself in front of a New Mexico state court judge, this time for two separate charges of drug trafficking and an additional drug possession charge. Doc. 385 at 16-19 ¶¶ 53-54; Doc. 305-8 at 2. All three charges were consolidated into a single proceeding. *See* Doc. 305-9 (Order of Consolidation with case number D-202-CR-2007-00099). Gonzalez pled guilty to all three crimes and was sentenced to eighteen months of incarceration for the possession count. *See* Doc. 305-10. That custodial term was to run concurrent with a four-year

term of incarceration for the two drug trafficking charges. *See id.* at 2. Gonzalez was further ordered to complete five years of probation following his release from custody. *Id.* at 2-4.

After serving time, but while still on probation, Gonzalez was charged with yet another crime in 2013. This time, he was accused (and later adjudicated guilty) of vehicular homicide. Doc. 385 at 18 ¶ 55. The state district court revoked his probation and sentenced him to 1,460 days in custody due to "a four year [sic] habitual offender enhancement." Doc. 305-11 at 2. The state district court expressly attributed that enhanced sentence to Gonzalez's 2009 drug trafficking charge. *See id.*

Gonzalez claims the PSR erroneously attributed the 2013 probation revocation to his 2009 heroin possession conviction. Doc. 305 at 6 (citing Doc. 300 at 17-18 ¶ 53); *see* Doc. 385 at 17-18 ¶ 54. He maintains this is error because (1) his sentence for the 2009 heroin possession conviction was completed, and (2) the 2013 revocation order did not indicate that either his probation or parole for the heroin possession conviction were revoked.[7] Doc. 305 at 6 (citing Doc. 305-11). Probation disagreed and declined to amend the PSR. *See* Doc. 320 at 2-3. In support of its position, Probation noted that the order of revocation "clearly notes that this revocation applied to both case numbers" and that New Mexico Department of Corrections documents indicate he was incarcerated on both cases. *Id.* at 5.

The Court finds that Probation is correct in part. The original five-year probation term applied to both Gonzalez's drug trafficking and heroin possession convictions. *See* Doc. 305-10 at 2, 4. Yet, the language in the state court's order of revocation explicitly states that sentence of revocation was imposed only on "count one of the indictment CR 09-2985"—that being,

---

[7] Regardless of whether the objection is sustained or overruled, Gonzalez's Guidelines calculations will not change. His objection is without import to the substantive issues attendant to his sentencing hearing.

Gonzalez's drug trafficking case. Doc. 305-11 at 2; *see also* Doc. 305-8 at 1 ¶ 1; Doc. 329-1. This language is conclusive. Consequently, the Court will sustain Gonzalez's objection. Probation is instructed to amend the PSR in accordance with this decision and review whether the criminal history points assigned to his possession conviction, CR-2009-02147, should be amended. Doc. 385 at 17-18 ¶ 54.

## II.    Consideration of Acquitted Conduct

In April of 2022, Federal Bureau of Investigations ("FBI") agents searched the residences of Gonzalez's co-defendants—Shamon Pacheco Jr. and Orlando Diaz—based on suspicions of high levels of fentanyl trafficking. *See* Doc. 1 at 2-3; Doc. 385 at 4 ¶¶ 7-8. FBI agents found large quantities of fentanyl in both residences. Doc. 385 at 4-5 ¶¶ 9-10. Evidence collected during those searches implicated Gonzalez. *See id.* at 5 ¶ 12. A grand jury subsequently indicted Gonzalez with four criminal counts: (1) conspiracy to traffic a controlled substance (namely, fentanyl); (2) possession of a firearm in furtherance of the drug trafficking; (3) being a felon in possession of a firearm, and (4) possession of fentanyl. Doc. 232 at 1-3. A jury convicted Gonzalez of the latter two counts. Doc. 288 at 1 (jury verdict); Doc. 385 at 4 ¶ 3.

Before Probation issued the revised versions of the PSR, the United States objected and argued Probation failed in not holding Gonzalez responsible for the fentanyl found in his co-defendants' residences. Doc. 304 at 1-3. This purported failure resulted in a lower-than-expected base offense level. *See id.* at 1-2; Doc. 322 at 8 ¶ 31 (providing a base offense level of 8 for possession of fentanyl). The Government then asserted that Gonzalez's base offense level should be established by reference to the quantity of fentanyl recovered from Pacheco and Diaz's residences and in conjunction with any appropriate role adjustment. Doc. 304 at 2. The Government further argued that Gonzalez's possession of a pistol when charged in May of 2022—

7

which underlies his felon in possession conviction—establishes, in whole or in part, conspiracy to traffic fentanyl in April of 2022. *Id.* at 3. The United States' position is because Gonzalez carried that weapon while participating in the conspiracy, an enhancement should apply. *Id.*; Doc. 313 at 1.

In its Updated Sentencing Memorandum, the Government stated it would withdraw its objection as to the relevant conduct provided "the Court accepts and adopts the Probation Office's analysis of [Gonzalez]'s criminal history" applies the ACCA enhancement. Doc. 324 at 2. Because the Court found that the ACCA enhancement was properly imposed, Gonzalez's base offense level is determined by § 4B1.4. *See generally* Doc. 383; Doc. 385 at 9 ¶ 41. The issue is now moot.

Gonzalez also objects to the inclusion of the facts in the PSR regarding his acquitted conduct. Doc. 305 at 1-3. His objection is baseless; the Court has not stated (or even suggested) that it would be considering acquitted conduct for purposes of sentencing. To the extent a ruling is necessary, that objection is overruled.

**CONCLUSION**

Based on the foregoing, the Court hereby orders the following changes to the PSR:

1.    Gonzalez's objection concerning the description of the 2007 probation revocation sentences as "6 years in custody" is granted. Doc. 305 at 2; *see supra* note 5. The language regarding the revocation sentence shall be amended to reflect the actual sentence imposed of 547 days. Doc. 385 at 12-13 ¶ 49.

2.    Probation shall amend the criminal history points assessed to Gonzalez's 2004 robbery convictions as described above. *See supra* Section I.A. One of the robbery convictions shall be assigned three (3) points and the remaining robbery conviction shall be assigned one (1) point.

3.      Gonzalez's objection to the incorporation of revocations related to his drug trafficking conviction in CR-2009-02985, and to his possession conviction in CR-2009-02147, is sustained. Doc. 305 at 6. Probation shall amend the PSR accordingly and review whether the criminal history points assigned to these convictions are proper. Doc. 385 at 16-18 ¶¶ 53-54.

Gonzalez's objection as to whether robbery constitutes a "crime of violence" under Section 2K2.1(a) is overruled. *See* Doc. 305 at 7-10; *supra* note 3. Finally, Gonzalez's objection regarding the Court's consideration of his acquitted conduct is overruled. *See supra* Part II.

Probation shall amend the PSR, Doc. 385, in accordance with these rulings.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

9